UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61826-CIV-COHN/SELTZER

VENIO LLC d/b/a KEANE AND LEGAL
CLAIMANT SERVICES,

    Plaintiff,

v.

THOMAS M. COSTELLO, CPA, PA d/b/a/
LEGALCLAIMRECOVERY.COM, and JOHN F.
COSTELLO, CPA,

    Defendants.
_____/

## ORDER GRANTING MOTION TO AMEND COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Amend Complaint [DE 31] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises.

Plaintiff commenced this action on August 22, 2013, alleging trademark infringement and several related causes of action. DE 1. On October 16, 2013, Defendants responded to Plaintiff's Complaint with a motion to dismiss. DE 22. On December 20, 2013, Plaintiff filed its Motion seeking leave to file an Amended Complaint. DE 31. Plaintiff sought leave to amend after the time for amendment as a matter of course had expired, but within the time set forth in the Court's Scheduling Order for amendment of pleadings. See Fed. R. Civ. P. 15(a)(1); DE 19 at 1. Defendants allegedly oppose the amendment (see DE 31 at 3), however they have filed no papers in opposition to the Motion, and the time for doing so has passed. See S.D. Fla. L.R. 7.1(c).

After the time for amendment of pleadings as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Supreme Court has construed Rule 15(a)(2) as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999) (per curiam).

Here, Plaintiff represents that the material added to its proposed Amended Complaint is intended to address "facts and theories of law of which Defendants are aware."  DE 31 at 1.  Plaintiff disclaims any dilatory motive, and represents that amendment would not cause prejudice to Defendants.  Id.  In light of the requirement of Rule 15(a)(2) that leave be freely given, the absence of any apparent reason to deny leave to amend, and Defendants' failure to file any papers in opposition to the Motion, the Court will allow Plaintiff's proposed amendment of the pleadings.  It is accordingly

**ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion to Amend Complaint [DE 31] is **GRANTED**;

(2) Plaintiff is directed to file its Amended Complaint as soon as practicable in accordance with Southern District of Florida Local Rule 15.1; and

(3) Defendants' Motion to Dismiss Plaintiff's Complaint [DE 22] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of January, 2014.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF